# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN SETTLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:09CV385 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because it appears that the grounds raised in the motion are procedurally barred, the Court will order movant to show cause why the motion should not be summarily dismissed.

On August 6, 2008, a jury found movant guilty of conspiracy to distribute and possess with intent to distribute crack cocaine. On October 30, 2008, the Court sentenced movant to 120 months' imprisonment followed by 10 years' supervised release. Movant did not file a direct appeal.

On March 9, 2009, movant submitted a document titled "Petition for Second or Successive Motion Pursuant to 28 U.S.C. § 2244 and Rule 52(b)." The Court construed the document as a motion to vacate under § 2255 and ordered movant to

submit an amended motion. Movant filed his amended § 2255 motion on March 23, 2009.

In his amended § 2255 motion, movant raises three grounds for relief:

1. The prosecutor withheld exculpatory evidence.

2. Movant was denied the opportunity to challenge undisclosed evidence at sentencing.

3. The jury was not informed as to the length of the mandatory minimum sentence.

A federal prisoner's failure to challenge his sentence on direct review procedurally bars such a challenge on collateral review unless the prisoner first shows either cause and actual prejudice or actual innocence. United States v. Morgan, 230 F.3d 1067, 1069-70 (8th Cir. 2000). To establish "actual prejudice," the prisoner must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (quotations and citations omitted). To establish "actual innocence," the prisoner must demonstrate that it is more likely than not that no reasonable juror would have convicted him. Morgan, 230 F.3d at 1070.

Movant failed to raise any of his grounds for relief on direct appeal. As a result, movant's § 2255 motion is procedurally barred unless movant can show either cause and actual prejudice or actual innocence. The Court will give movant an opportunity to do so. Movant shall show cause, in writing and no later than twenty days from the date of this Order, why his § 2255 motion should not be dismissed as procedurally barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and **no later than twenty (20) days from the date of this Order**, why his § 2255 motion should not be dismissed as procedurally barred.

Dated this 24th Day of March, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE