# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELVIN SETTLE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09CV385 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to this Court's order to show cause why the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be dismissed as procedurally barred. Movant has failed to demonstrate that the procedural default should be excused. Additionally, movant waived his right to file a § 2255 motion. As a result, the Court will summarily dismiss this action.

On August 6, 2008, a jury found movant guilty of conspiracy to distribute and possess with intent to distribute crack cocaine. On October 30, 2008, the Court sentenced movant to 120 months' imprisonment followed by 10 years' supervised release. Movant received the minimum term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(ii)(II). On the date of sentencing, movant and the government executed

a sentencing agreement. In the agreement, movant waived his right to file a direct appeal or a motion pursuant to § 2255. Specifically, the agreement stated,

> The defendant acknowledges being guilty of the crime of which he was convicted, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28 United States Code, Section 2255, including any claims of prosecutorial misconduct or ineffective assistance of his present counsel.

Movant did not file a direct appeal from his sentence.

On March 9, 2009, movant submitted a document titled "Petition for Second or Successive Motion Pursuant to 28 U.S.C. § 2244 and Rule 52(b)." The Court construed the document as a motion to vacate under § 2255 and ordered movant to submit an amended motion. Movant filed his amended § 2255 motion on March 23, 2009.

In his amended § 2255 motion, movant raises three grounds for relief:

1. The prosecutor withheld exculpatory evidence.

2. Movant was denied the opportunity to challenge undisclosed evidence at sentencing.

3. The jury was not informed as to the length of the mandatory minimum sentence.

A federal prisoner's failure to challenge his sentence on direct review procedurally bars such a challenge on collateral review unless the prisoner first shows either cause and actual prejudice or actual innocence. United States v. Morgan, 230 F.3d 1067, 1069-70 (8th Cir. 2000). To establish "actual prejudice," the prisoner must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (quotations and citations omitted). To establish "actual innocence," the prisoner must demonstrate that it is more likely than not that no reasonable juror would have convicted him. Morgan, 230 F.3d at 1070.

Movant has failed to demonstrate cause and actual prejudice. None of the allegations raised in movant's response to the Court's show cause order rise to the level of a constitutional dimension. Additionally, movant's allegations are conclusory and fail to state any facts, which if proved, would demonstrate that his trial was infected with any constitutional errors. As a result, movant cannot overcome the procedural default, and his § 2255 motion must be dismissed.

In addition, waivers of collateral-attack rights are enforceable so long as the waiver is knowing and voluntary. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir.

2000). Movant waived his right to collaterally attack his sentence. And movant does not allege that the waiver was not knowing and voluntary. As a result, the § 2255 motion should also be dismissed because movant has waived his right to bring the motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th Day of April, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE